UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MACKENZIE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAM AHLIN,<br><br>　　　　　Respondent. | Case No. SA CV 15-01033-VBF-JC<br><br>ORDER<br><br>Dismissing Wholly Unexhausted Habeas Corpus Petition without Prejudice; and<br><br>Denying a Certificate of Appealability |

　　On June 11, 2015, Douglas MacKenzie ("petitioner"), a civil detainee who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in the United States District court for the Eastern District of California ("EDCA"), challenging civil-commitment proceedings under California's Sexually Violent Predator Act ("SVPA") which are ongoing in Orange County Superior Court.  The matter was transferred to this district.  As explained below, the Court will dismiss the petition without prejudice because it is wholly unexhausted and because it is appropriate to abstain from the exercise of jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).  The Court will then enter judgment by separate document and deny petitioner a certificate of appealability.

　　Principles of comity and federalism require that a federal court not entertain pre-trial challenges to a state-court matter unless the petitioner shows that he has

exhausted available state judicial remedies. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489, 93 S. Ct. 1123 (1973) (exhaustion of state remedies "is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in cases of illegal restraint or confinement."); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) ("As an exercise of judicial restraint, . . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]."). Here, it plainly appears from the face of the petition that petitioner has presented his current claims only to the Orange County Superior Court, not to any higher court such as the California Supreme Court. *See* Petition at 3-5.

**Thus, the petition is wholly unexhausted, and dismissal without prejudice for lack of exhaustion is required.** *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("[T]he district court was '*obliged* to dismiss immediately', as the petition contained no exhausted claims.") (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997)) (emphasis added); *Hernandez v. Holland*, 2015 WL 1951943, *2 (C.D. Cal. Apr. 28, 2015) (Josephine Staton, J.) ("None of the claims in the Petition ha[s] been presented to the California Supreme Court. Thus, the Petition contains only unexhausted claims, and it *must* be dismissed without prejudice.") (footnote omitted) (emphasis added); *Romero v. Lewis*, 2010 WL 5579886, *3 (C.D. Cal. Dec. 8, 2010), *R&R adopted*, 2011 WL 124652 (C.D. Cal. Jan. 13, 2011) (Valerie Baker Fairbank, J.); *see also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991) (pre-AEDPA decision) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (post-AEDPA decision) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure

to exhaust.").[1]

**Alternately, except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings.** *See Younger*, 401 U.S. 37; *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also* 28 U.S.C. § 2283 (federal courts may not enjoin state-court proceedings except in narrow specified circumstances). The principles announced in *Younger* apply equally to pending state civil proceedings where "important state interests are involved." *Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n ("Middlesex")*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982) (citations omitted); *see also Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (en banc) (*Younger* principles apply to pending state civil proceedings that are judicial in nature, implicate important state interests, and afford an adequate opportunity to present federal constitutional challenges); *see, e.g., Dannenberg v. Nakahara*, 1998 WL 661467, *1-*2 (N.D. Cal. Sept. 22, 1998) (applying *Younger* abstention where habeas petition essentially asked federal court "to step into the middle of a state civil [SVPA] commitment proceeding. . . .").

*Younger* abstention is appropriate in civil cases where (1) the state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise constitutional challenges. *See Middlesex*, 457 U.S. at 432; *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). When all three of the *Younger* criteria are met, a court must abstain and dismiss the federal action without prejudice, absent extraordinary or

---

[1] "The stay and abeyance procedures discussed in *Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528 . . . (2005) and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) apply only to mixed petitions containing both exhausted and unexhausted claims." *Hernandez*, 2015 WL 1951943 at *2 n.3 (citing *King v. Ryan*, 564 F.3d 1133, 1138-40 (9th Cir. 2009) and *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005)).

special circumstances which pose a great and immediate threat of irreparable injury. *See Kenneally*, 967 F.2d at 331 (*Younger* requires courts to abstain and dismiss federal actions that seek to enjoin state proceedings "unless one of the recognized exceptions to *Younger* is present"); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 n.22, 96 S. Ct. 1236 (1976) (*Younger* abstention not discretionary once conditions met); *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988) ("*Younger* abstention requires *dismissal* of the federal action.") (citations omitted, emphasis in original). Here, all three criteria for *Younger* abstention are present and petitioner has not demonstrated that his is one of the extraordinary cases where an exception to *Younger* abstention is present.

First, it is apparent from the face of the Petition (Pet. at 1; Pet. Memo at 2) that SVPA proceedings were ongoing when petitioner filed the instant petition. *See Beltran*, 871 F.2d at 782 (for purposes of *Younger* abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed").

Second, the SVPA proceedings implicate important state interests (*i.e.*, protection of the public from sexual predators). *See Hubbart v. Superior Court*, 969 P.2d 584, 19 Cal. 4th 1138, 1153 n.20 (Cal. 1999) (SVPA proceedings serve "compelling" state interests of protecting the public and providing needed mental health treatment); *Dannenberg*, 1998 WL 661467 at *2 ("[SVPA] commitment proceedings involve the important state interest of protecting the public from sexual predators.") (citation omitted).

Third, abstention is appropriate because California SVPA proceedings provide an adequate opportunity to raise constitutional challenges. Under this third Younger criterion, abstention is required unless petitioner can demonstrate that state law "clearly bars" the assertion of his federal constitutional claims in the pending SVPA proceedings. *See Middlesex*, 457 U.S. at 432 (citation omitted). Here, petitioner essentially complains that his designation as a sexually violent predator is based on unreliable evidence, that his attorney in the SVPA proceedings has refused to so

argue and is ineffective, and that the Superior Court has refused to remove such counsel. Petitioner fails to demonstrate that his federal constitutional claims cannot be adequately addressed either in the pending SVPA proceedings in Superior Court (to the extent the Superior Court has not already addressed them), or on any direct appeal therefrom. *See, e.g., In re Smith*, 42 Cal. 4th 1251, 178 P.3d 446 (Cal. 2008) (addressing claim that continuation of SVPA proceedings after felony conviction upon which SVPA petition was based was reversed on appeal violated prospective SVPA committee's constitutional rights to due process and equal protection); *People v. Taylor*, 174 Cal. App. 4th 920 (Cal. App. 2009) (addressing due process, equal protection, double jeopardy, and ex post facto challenges to SVPA commitment); *People v. Hubbart*, 88 Cal. App. 4th 1202, 1208-09 (Cal. App. 2001) (noting that trial court and California Supreme Court considered, and rejected on the merits, due process and equal protection challenges to application of SVPA); *People v. Buffington*, 74 Cal. App. 4th 1149, 1152 (Cal. App. 1999) (addressing merits of due process and equal protection challenges to SVPA).

Finally, although *Younger* abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury, *see Younger,* 401 U.S. at 45-46, 53-54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction), petitioner fails to demonstrate that this is such a case.

Accordingly, it is appropriate for this Court to abstain from considering petitioner's challenges to the pending SVPA proceedings and dismiss the habeas petition and this action without prejudice. *See Babinski v. Voss*, 323 F. App'x 617 (9th Cir. 2009) (affirming dismissal on *Younger* abstention grounds of habeas petition challenging ongoing California SVPA proceedings); *see also, e.g., Validivia v.*

*Unknown*, 2015 WL 1565435, *1-*2 (C.D. Cal. Apr. 8, 2015) (John Walter, J.) (holding that *Younger* doctrine called for Court to abstain from exercising jurisdiction over state prisoner's wholly unexhausted habeas petition); *Hooper-Turner v. Folsom Women's Facility*, 2014 WL 1292102, *1-*2 (C.D. Cal. Mar. 27, 2014) (Audrey Collins, J.) (same); *Romero v. Lewis*, 2010 WL 5579886, *3 (C.D. Cal. Dec. 8, 2010) (same), *R&R adopted*, 2011 WL 124652 (C.D. Cal. Jan. 13, 2011) (Fairbank, J.).

### ORDER

The habeas corpus petition is **dismissed without prejudice** to petitioner's filing of a new federal habeas petition once his state civil-commitment proceedings are completed and he has properly exhausted all available state-court remedies as to all habeas claims which he wishes to raise in federal court.

**A certificate of appealability is DENIED.** Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" on either exhaustion or *Younger* abstention grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Petitioner may seek a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.

**The Clerk of the Court shall TERMINATE the case** and all pending motions.

As required by Fed. R. Civ. P. 58(a), judgment will be entered by separate document.

IT IS SO ORDERED.

DATED:    July 13, 2015

*Valerie Baker Fairbank*
_____
HON. VALERIE BAKER FAIRBANK
Senior United States District Judge

6